IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RANDY GILLIS and WENDY GILLIS, individuals, | Case No.: |
| Plaintiffs, | ***Electronically Filed*** |
| v. | **JURY TRIAL DEMANDED** |
| STATE AUTOMOBILE MUTUAL INSURANCE COMPANY, an Ohio Corporation, | |
| Defendant. | |

## COMPLAINT

Plaintiffs, Randy Gillis and Wendy Gillis ("Mr. and Mrs. Gillis"), by and through their undersigned counsel, file the following Complaint against Defendant, State Automobile Mutual Insurance Company ("State Auto"), and in support thereof aver as follows:

### Introduction

1.      Mr. and Mrs. Gillis experienced a catastrophic loss on April 29, 2016 as a result of a gas explosion from a pipeline located on their farm property at 113 Gillis Lane, Greensburg, Pennsylvania 15601. They are insured under a Preferred Farm and Ranch insurance policy with State Auto that has covered a small fraction of their loss. State Auto has forced Mr. and Mrs. Gillis to bring this action because State Auto has stated, unequivocally and in flagrant violation of Pennsylvania law, that it intends to pursue subrogation against the tortfeasor(s) before the tortfeasor(s) have made Mr. and Mrs. Gillis whole.

### Parties

2.      Plaintiffs, Randy Gillis and Wendy Gillis, are individuals residing at 113 Gillis Lane, Greensburg, Pennsylvania and citizens of Pennsylvania. Plaintiffs have a Preferred Farm and Ranch Policy contract of insurance with Defendant.

3.      Defendant, State Automobile Mutual Insurance Company, is an insurance company. Defendant's corporate headquarters is located at 518 East Broad Street, Columbus, Ohio 43215. Defendant conducts business in Pennsylvania and throughout most of the United States through insurance agents and other company personnel.

### Jurisdiction and Venue

4.      This Court has subject matter jurisdiction under 28 U.S.C. §1332 because the parties are domiciled in different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5.      Venue is proper in this district pursuant to 28 U.S.C. §1391 because: (a) Defendant transacts business, or has agents who are found or transact business in this district; (b) Defendant markets and sells its insurance products in this district; and (c) the events complaint of herein arose in this district.

### Facts

6.      The farm insured by State Auto is a third-generation Gillis family farm in Salem Township, Pennsylvania, now owned by Mr. and Mrs. Gillis. As a result of a gas pipeline explosion on April 29, 2016, Mr. and Mrs. Gillis have suffered and will continue to suffer into the future significant financial damages, including but not limited to: property damage to the rental property in excess of the coverage limits, property damage to the crops, fields, and land, investigation costs and other costs related to crop destruction pursuant to 42 Pa.C.S.A. §8313, lost earnings and earning capacity of the farm land,

loss of rental income, property damage to the family home at 113 Gillis Lane and other farm buildings and equipment, inconvenience and discomfort, loss of use and enjoyment of their property, and diminution in value of their property.

7.     Mr. and Mrs. Gillis submitted a claim under its Preferred Farm and Ranch Policy to State Auto after the explosion. A true and correct copy of the insurance policy is attached hereto as Exhibit 1.

8.     To date, State Auto has paid Mr. and Mrs. Gillis $185,700.76, which is less than the policy limits and less than the amount of the claim, without any resolution of the claim.

9.     Before and after payment, State Auto informed Plaintiffs that it intended to enforce subrogation rights against the tortfeasor(s) immediately following payment.

10.     Mr. and Mrs. Gillis informed State Auto that its policy of insurance was insufficient to make them whole, and until they were made whole by the tortfeasor(s), State Auto had no subrogation right or interest to pursue.

11.     In an email exchange between counsel for Mr. and Mrs. Gillis and State Auto on July 8, 2016, State Auto's counsel informed counsel for Mr. and Mrs. Gillis that her statement that "the insured must be made whole before our Subrogation rights can be asserted is incorrect." A true and correct copy of the email is attached hereto as Exhibit 2.

12.     In a letter dated July 13, 2016 from State Auto's counsel to counsel for Mr. and Mrs. Gillis, State Auto reasserted its position. Counsel stated that, because he believes there are sufficient funds to cover any uninsured claims, the made whole doctrine is not applicable. A true and correct copy of the July 13, 2016 letter is attached hereto as Exhibit 3.

13.     Counsel for Mr. and Mrs. Gillis responded by letter on July 22, 2016, setting forth their position that the made whole doctrine is applicable to this case and that her clients' rights cannot be trumped

by State Auto's desire to get paid before the insured has been made whole. A true and correct copy of the July 22, 2016 letter is attached hereto as Exhibit 4.

14.     Counsel for State Auto responded by letter on August 8, 2016, forwarding a recent Middle District of Pennsylvania case that State Auto believes supports its position (it does not) and reinforcing the fact that it intends to seek subrogation before Mr. and Mrs. Gillis pursue their claims against the tortfeasor(s). A true and correct copy of the August 8, 2016 letter is attached hereto as Exhibit 5.

15.     Mr. and Mrs. Gillis have two years from April 29, 2016, to file suit against the tortfeasor(s) that caused their loss, and have advised State Auto that they intend to bring a third-party claim if they are unable to resolve it amicably.

16.     It is well settled under Pennsylvania law that, regardless of the language in an insurance policy, a subrogation lien or interest cannot arise or attach until the insured has received the settlement proceeds or damage award and until the insured has been made whole.

17.     As a matter of equity, the subrogee's claim cannot take priority over that of the subrogor.

18.     Known as the made whole doctrine, the insured must be fully compensated for all loss before the insurer acquires a right to subrogation.

19.     The doctrine applies in property damage cases and without regard to the solvency of the tortfeasor(s).

20.     Full compensation by the tortfeasor(s) of Mr. and Mrs. Gillis' damages is a condition precedent to State Auto's right to subrogation, if any.

21.     State Auto has flouted and repudiated the rights of Mr. and Mrs. Gillis, and prioritized its interest over its policyholders' interests, by expressing its intention to seek reimbursement from the tortfeasor(s) immediately, without regard to whether Plaintiffs have been made whole.

22.     State Auto's conduct has jeopardized the rights of Mr. and Mrs. Gillis to full recovery for its losses.

### First Cause of Action

23.     Mr. and Mrs. Gillis incorporate by reference all of the preceding paragraphs as if stated more fully herein.

24.     An actual case and controversy within the meaning of the Federal Declaratory Judgment Act, 28 USC §§2201 and 2202, which may be adjudicated by this Court exists between Mr. and Mrs. Gillis and State Auto.

25.     State Auto has paid Mr. and Mrs. Gillis, in part, pursuant to its obligations under its insurance policy, but those payments have not made Mr. and Mrs. Gillis whole.

26.     State Auto has asserted a subrogation interest, and imminently intends to enforce that interest against the tortfeasor(s) and Mr. and Mrs. Gillis, before Mr. and Mrs. Gillis have been made whole, in direct violation of Pennsylvania law.

27.     The parties' dispute is presently ripe for determination.  If the court does not intervene, State Auto will improperly assert rights against the tortfeasor(s), thereby jeopardizing the right of Mr. and Mrs. Gillis to be made whole and otherwise impairing Mr. and Mrs. Gillis' valuable rights.

### Second Cause of Action

28.     Mr. and Mrs. Gillis incorporate by reference all of the preceding paragraphs as if stated more fully herein.

29.     Under Pennsylvania law, an insurer has a duty to act in good faith toward its insured, to avoid bad faith conduct, and to avoid taking unreasonable legal positions in order to pressure a policyholder to capitulate and waive its rights under its insurance policy and under equitable principles.

30.     State Auto has engaged in bad faith conduct, and otherwise acted unreasonably toward its

insureds, Mr. and Mrs. Gillis, by:

a.     Attempting to assert a subrogation interest before Mr. and Mrs. Gillis have been made whole;

b.     By repudiating the made whole doctrine;

c.     By asserting that the made whole doctrine does not apply to property damage claims;

d.     By asserting that the made whole doctrine does not apply where the tortfeasor(s)' solvency is not in question;

e.     By communicating with the tortfeasor(s) about a potential subrogation claim;

f.     By communicating with the tortfeasor(s) about a potential subrogation claim without sharing the communications with Mr. and Mrs. Gillis;

g.     By preferring its own interests over those of Mr. and Mrs. Gillis;

h.     By refusing to acknowledge the attorney's fees and expenses of Mr. and Mrs. Gillis that would reduce the amount of any subrogation interest held by State Auto after it arises; and

i.     By asserting rights under its insurance policy that do not exist.

31.     As a direct and proximate result of the foregoing, Mr. and Mrs. Gillis have incurred counsel

fees to prevent State Auto from wrongfully and prematurely asserting a subrogation claim.

32.     The conduct of State Auto as set forth herein was extreme, outrageous, intentional,

reckless, and deserving of punishment.

WHEREFORE, Plaintiffs, Randy and Wendy Gillis, demand judgment against Defendant, State Automobile Mutual Insurance Company, that includes the following relief:

a.    a declaratory judgment that:

    (i)    Defendant has no subrogation interest until Plaintiffs have been made whole from their tortfeasor(s); and

    (ii)    Defendant may not demand subrogation or reimbursement from its insureds' recovery or directly from a third party tortfeasor(s) until Plaintiffs have been whole;

b.    enter an order permanently enjoining Defendant from receiving subrogation or reimbursement from a third party tortfeasor(s) or its insured prior to a determination that Plaintiffs have been made whole;

c.    interest, punitive damages, costs and attorney's fees pursuant to 42 Pa.C.S.A. § 8371; and

d.    such other relief as the court deems appropriate.

Respectfully submitted,

STRASSBURGER MCKENNA GUTNICK
& GEFSKY

Date:   August 22, 2016       By:   /s/ Gretchen E. Moore
                                      David A. Strassburger
                                      PA. I.D. No. 76027

Gretchen E. Moore
PA I.D. No. 202103
(Counsel for Plaintiffs)

Four Gateway Center – Suite 2200
444 Liberty Avenue
Pittsburgh, PA 15222
T – 412-281-5423
F – 412-281-8264
E-mail – dstrassburger@smgglaw.com
            gmoore@smgglaw.com