

July 13, 2016

**VIA E-MAIL**
**GMOORE@SMGGLAW.COM**

**Mark T. Mullen**
Direct Phone   215-665-2091
Direct Fax       215-701-2091
mmullen@cozen.com

Gretchen E. Moore, Esquire
Strassburger McKenna Gutnick & Gefsky
444 Liberty Avenue, Suite 2200
Pittsburgh, PA 15222

Re:   State Auto Insured:         Randy Gillis
      Date of Loss:                4/29/16
      Loss Location:               2021 Route 819
                                   Greensburg, PA 15601
      State Auto Claim No.:        PR-131266
      Our File No.:                386404

Dear Gretchen:

This letter is in response to our e-mail exchange regarding my firm's representation of State Auto Insurance's subrogation rights following any payments to Mr. Gillis under his policy as a result of the incident on April 29, 2016. In particular, in our exchange of e-mails on July 8 and July 11, you asserted that "our clients haves [sic] the right to be made whole and we respectfully disagree that State Auto could step in and obtain any payment from Spectra on its own. State Auto cannot pursue a subrogation claim or receive payment for its benefit from Spectra until the Gillis family has been made whole by Spectra. And, of course, attorney's fees and costs must be determined."

In order to make sure there is no misunderstanding at all, you represent Mr. Gillis and we represent State Auto's subrogation rights once any payment is made. Mr. Gillis will be responsible for your expenses and fees and State Auto will be responsible for our expenses and fees. The support for our position under Pennsylvania law is quite clear and set forth below.

Subrogation arises by law and by contract. Its salutary purpose is to make sure that the party who in equity and good conscience is responsible for a loss should pay for the loss. See generally, Roberts v. Fireman's Fund Ins. Co., 101 A.2d 747 (Pa. 1953); Allstate Ins. Co. v. Clark, 527 A.2d 1021 (Pa. Super. 1987). Therefore, once payment is made pursuant to the policy any right to collect from third parties transfers both by operation of law and contract to the insurer to the extent of that payment.

Defendants and, on occasion, counsel for insureds sometimes claim that the insured and his counsel control the action because you cannot split a cause of action in Pennsylvania under Pa. R.C.P. 1020(b). The Pennsylvania Superior Court has specifically rejected any such attempts as "the 'plain language' of the Rule appears to presume application only to claims raised by a single plaintiff." State Farm Mut. Auto. Ins. Co. v. Ware's Van Storage, 953 A.2d 568, 572 (Pa. Super. 2008). In State Farm, the Superior Court overruled a

Gretchen E. Moore, Esquire
July 13, 2016
Page 2

---

demurrer sustained by the trial court to a property damage subrogation action where there was a prior personal injury action filed by State Farm's insured. The Court reasoned as follows:

> The record establishes that State Farm commenced its action seeking recovery for only the amount of loss it paid to its insured for property damage. The insured did not request that State Farm act on the insured's behalf to recover the amount of its deductible in the property damage action and State Farm did not do so. State Farm acted only to recover its own loss and, although confined to a limited award of damages by its status as subrogated insurer, was acting in its own capacity.

Id. at 574.

With respect to your contention that the made whole doctrine in Pennsylvania precludes State Auto from independently retaining its own counsel and filing an independent action, the Pennsylvania Supreme Court has made it quite clear that the made whole doctrine has no application unless there are insufficient funds to satisfy both the claims of the insured for its uninsured losses and the insurer for its subrogated claims.

> Our courts have explained that the made whole doctrine both insures that the insured is fully compensated for his or her injury before the insurer recovers, **in cases where there are insufficient funds to satisfy both the insured and the insurer**, and prevents the insured from receiving dual recovery for the same loss from both the tort feasor and the insurer.

Jones v. Nationwide Prop. and Cas. Ins. Co., 32 A.3d 1261, 1271 (Pa. 2011)(emphasis added).

It is abundantly clear that between the insurance policy provided by State Auto and the liability insurance and assets of Spectra Energy, there are sufficient funds to cover any legitimate uninsured claims of Mr. Gillis for his deductible, loss in excess of his coverage limits (if any), and any losses (if any) not covered by insurance.

Spectra Energy is already well aware that we are representing State Auto for any potential subrogation claims and will deal solely with me for those claims. Spectra is also well aware that we have nothing to do with any uninsured claims of Mr. Gillis. I look forward to working with you and cooperating with you to maximize the recoveries of our respective clients.

Best regards.

Very truly yours,

COZEN O'CONNOR

BY:   MARK T. MULLEN

MTM:tna