

**Strassburger McKenna Gutnick & Gefsky**

ATTORNEYS AT LAW | SINCE 1919

Four Gateway Center, Suite 2200
444 Liberty Avenue, Pittsburgh, PA 15222
P 412.281.5423  F 412.281.8264
www.smgglaw.com

gmoore@smgglaw.com

July 22, 2016

**VIA E-MAIL MMULLEN@COZEN.COM**
**AND US FIRST-CLASS MAIL**
Mark Mullen, Esquire
Cozen O'Connor
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103

    Re:    State Auto Insured:    Randy Gillis
             Date of Loss:           4/29/16
             Your Claim No.:      PR-131266

Dear Mark,

    I write to respond to your letter dated July 13, 2006, regarding your position on State Auto Insurance's subrogation rights following any payment to Randy Gillis under the above policy and claim related to the April 29, 2016 gas explosion incident.

    We are clear that we represent Randy Gillis and his family (the "Gillis Family") and you represent State Auto. We are also clear that even when subrogation is contractually declared, equitable principles trump contract language. *Allstate Ins. Co. v. Clarke*, 527 A.2d 1021 (Pa. Super. 1987); *Roberts v. Fireman's Ins. Co. of Newark, NJ*, 101 A.2d 747 (Pa. 1954). We do not agree that you are entitled to immediate recoupment from the tortfeasor if payment is made to our client. You have made statements that repudiate the State Auto policy and equitable concepts in that you expect payment before the Gillis Family is made whole. If that is indeed your position, it is being made in bad faith and we respectfully request that you advise us now if that is your position so that we can bring a declaratory judgment action before the Court of Common Pleas of Westmoreland County and let the court decide whether the rights of our clients, the injured and innocent landowners, are trumped by State Auto's desire to get any money it pays out to the insured before the insured is made whole. Under any scenario, any payment made by the insurance company related to the property damage suffered by the Gillis Family is far below what is needed to make them whole.

    You seem to indicate that you can separately pursue Spectra Energy and Texas Eastern Transmission distinct from our case against them. The law does not support your position. Your reliance on *State Farm Mut. Auto Ins. Co. v. Ware's Van Storage*, 953 A.2d 568 (Pa. Super. 2008) is misplaced. In *Ware's Van Storage*, the insurance company *fully compensated* the insured for its



PLAINTIFF'S EXHIBIT 4

Mark Mullen, Esquire
July 22, 2016
Page 2



**Strassburger McKenna Gutnick & Gefsky**

ATTORNEYS AT LAW | SINCE 1919

---

property damage and then filed a complaint against the tortfeasor *after* the insured filed a complaint against the tortfeasor, seeking only personal injury damages and *not* the property damage that was paid by insurer. In the separate suit, the insurance company sought to recoup payment for the property damage only. In that situation, the court found that the rules of joinder were not violated. There is no such split here. Our clients experienced catastrophic and extensive property damage in this case and, as counsel for the Gillis Family, we intend to pursue all available causes of action, and seek all available damages, against the tortfeasor. State Auto certainly cannot step into and "split" our property damage claims against Spectra/Texas Eastern Transmission or any other tortfeasor. Additionally, such action would serve as a waste of judicial resources. *Gallop v. Rose*, 616 A.2d 1027, 1031 (Pa. Super. 1992).

To be clear, my clients have suffered, and will continue to suffer, the following damages that are not covered by State Auto's policy: property damage to the Baker residence in excess of the coverage limits, property damage to the crops, fields, and land, investigation costs and other costs related to crop destruction pursuant to 42 Pa.C.S.A. §8313, lost earnings and earning capacity of the farm land, loss of rental income, inconvenience and discomfort, loss of use and enjoyment of their property, and diminution in value of their property. There is no good-faith basis for State Auto to assert a subrogation interest until the Gillis Family has been made whole for those damages. In point of fact, your client has not agreed to pay the limits of its policy for the Baker residence, *even though the tortfeasor has valued the loss dramatically in excess of State Auto's limits*.

Your presentation of *Jones v. Nationwide Property and Casualty Insurance Co.*, 32 A.3d 1261 (Pa. 2011) is even more off base. In *Jones*, the Supreme Court reviewed a very specific issue related to the made whole doctrine and found that a policyholder is made whole despite its duty to pay its own deductible. The court reaffirmed the fact that the doctrine applies generally in Pennsylvania and that the insured must be fully compensated for all loss before the insurer acquires a right to subrogation. *Jones* at 1271. The statement you pulled out of context from *Jones* does not stand for the proposition that the made whole doctrine is only applicable in cases where there are insufficient funds to satisfy both the insured and the insurer. The law is clear that in cases when there are <u>insufficient</u> funds, the insured is made whole first; there is no tortfeasor solvency test for the doctrine to apply. And the doctrine itself is always applicable in a property damage case in Pennsylvania, contrary to your previous representation. *See Byrne v. General Electric*, 2:10 CV 07369 (E.D. Pa. August 3, 2011).

We certainly hope that there are sufficient funds to cover any uninsured claims of the Gillis Family for their deductible, loss in excess of their coverage limits and loss not covered by insurance, as all of those categories of damages exist. And attorneys' fees are a factor in determining whether an insurer has made its insured whole prior to maintaining a subrogation action. *Aetna Ins. Co. v. Confer*, 28 A. 153, 154 (Pa. 1893).

Mark Mullen, Esquire
July 22, 2016
Page 3


**Strassburger McKenna Gutnick & Gefsky**
ATTORNEYS AT LAW | SINCE 1919

---

      Once State Auto pays the claim, Mr. and Mrs. Gillis will not resolve their claim with the torfeasor(s) without an agreement to reimburse State Auto in an amount consistent with what Pennsylvania law requires. You have no reason to communicate with Spectra, and we have concerns that your communications are elevating the carrier's interests over those of its policyholder. We would like to resolve the claim with State Auto in the next 30 days, but failing that, we will file suit to enforce and declare our clients' rights.

      We reserve all rights and claims related to this matter. Should you have any questions, please feel free to contact me. Thank you.

      Very truly yours,

      *Gretchen E. Moore/mmk*

      Gretchen E. Moore

GEM/mmk
cc:    David A. Strassburger, Esquire