

August 8, 2016

**Mark T. Mullen**
Direct Phone   215-665-2091
Direct Fax   215-701-2091
mmullen@cozen.com

**VIA E-MAIL**
**GMOORE@SMGGLAW.COM**

Gretchen E. Moore, Esquire
Strassburger McKenna Gutnick & Gefsky
444 Liberty Avenue, Suite 2200
Pittsburgh, PA 15222

> Re:  State Auto Insured:   Randy Gillis
>       Date of Loss:          4/29/16
>       Loss Location:         2021 Route 819
>                              Greensburg, PA 15601
>       State Auto Claim No.:  PR-131266
>       Our File No.:          386404

Dear Gretchen:

This letter is in response to your letter of July 22, 2016.  I have not made any statements in my conversations, e-mails, or letters that repudiate the State Auto policy or equitable concepts under Pennsylvania law regarding subrogation.  If you need to file a declaratory judgment in state or federal court regarding the issues, you are certainly free to do so.

The law that I provided to you previously and the attached Opinion support that Pennsylvania law is unquestionably in our favor on the points previously raised.  Attached to this letter is a copy of the Memorandum Opinion and Order issued by Judge John Jones in the United States District Court for the Middle District of Pennsylvania on April 20, 2016 in Unitrin Auto and Home Ins. Co. v. Clayton Corp..  In that case, being handled by our office, Unitrin filed a subrogation action in federal court after the insured had filed a claim against Unitrin in state court for additional funds under a policy of insurance.  The insured had also filed suit against the third-party tort feasor that was responsible for the fire for which Unitrin had made payments of $433,651.13 to repair and replace the damage caused by the fire.  The insured was seeking additional funds under the policy from Unitrin and funds not covered by insurance directly from the third-party tort feasor.

The defendant in the federal action filed a Motion to Dismiss the subrogation action contending that the subrogating carrier's claim must be dismissed because it violated three doctrines under Pennsylvania law:  splitting a cause of action; the first filed rule; and the made whole doctrine.  Judge Johnson denied the Motion to Dismiss and rejected each of the arguments advanced by the defendant.

With respect to the improper splitting of a cause of action argument, Judge Johnson specifically relied on State Farm Mut. Auto. Ins. Co. v. Ware's Van Storage, 953 A.2d 568 (Pa. Super. 2008).  The Court cited the case for precisely the same points made in my letter

PLAINTIFF'S EXHIBIT 5

Gretchen E. Moore, Esquire
August 8, 2016
Page 2

---

to you. In particular, the Court stated: "We therefore find that plaintiff's Complaint does not split the cause of action, as both plaintiff and the Barracks have independent claims against defendant."

The first filed rule has no application here so I will not elaborate on it.

With respect to the made whole doctrine, the Court quoted from Jones v. Nationwide Prop. and Cas. Ins. Co., 32 A.3d 1261, 1271 (Pa. 2011). That is the exact same quote that I provided to you in my letter. Judge Jones also noted that the made whole doctrine commonly arises in cases of uninsured/under insured motorist coverage. The Court noted that there may be sufficient funds under the policy to make the insureds whole. In addition, there was also a claim against the third party defendant even if the funds under the policy were not sufficient to make the insured whole. The Court stated that: "As an equitable principle, the 'made whole' doctrine does not apply as a bar to subrogation where funds are sufficient to make both the insured and the insurer whole. [Citation omitted] Defendant has not shown that plaintiff's subrogation claim for amounts paid is likely to deprive the Barracks a full recovery on their loss." Spectra Energy has sufficient liability insurance and assets to make both the insured and insurer whole so the made whole doctrine has no application.

Finally, the insurance contract between Mr. Gillis and State Auto provides in Paragraph 9 of the General Conditions as follows:

> **9. Subrogation.** With our permission an "insured" may waive in writing before a loss all rights of recovery against any person. If not waived, we may require an assignment of rights of recovery for a loss to the extent that payment is made by us. If an assignment is sought, an "insured" must:
> a. Transfer those rights to us;
> b. Sign and deliver all related papers and cooperate with us;
> c. Do nothing after loss to impair our rights;
> d. At our request, bring suit; and
> e. Pay us for any recovery you receive from another party for a property loss we pay to you or for you.
> Subrogation does not apply to Coverage H – Medical Payments or Damage to Property of Others.

If State Auto makes payment to Mr. Gilles and seeks an assignment, he "must" transfer those rights to State Auto, sign and deliver all related papers, cooperate with State Auto and do nothing to impair State Auto's rights. Only if State Auto requests the insured to file suit would the insured control the litigation and your firm be entitled to a fee. State Auto will not request the insured bring suit as it will pursue subrogation on its own as specifically allowed under Pennsylvania law.

Gretchen E. Moore, Esquire
August 8, 2016
Page 3

---

        Please let me know if you have any questions.

                Very truly yours,

                COZEN O'CONNOR

                BY:   MARK T. MULLEN

MTM:tna
Enclosure

# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITRIN AUTO AND HOME INSURANCE COMPANY, : <br><br> Plaintiff, : <br><br> v. : <br><br> CLAYTON CORPORATION OF DELAWARE d/b/a CONVENIENCE PRODUCTS, : <br><br> Defendant. : | 1:15-cv-02079 <br><br> Hon. John E. Jones III |

## MEMORANDUM & ORDER

### April 20, 2016

Plaintiff Unitrin Auto and Home Insurance Company brings this subrogation action against Defendant Clayton Corporation of Delaware d/b/a Convenience Products. Presently pending before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(6) and/or Rules 12(d) or 56 of the Federal Rules of Civil Procedure. (Doc. 6).[1] For the reasons that follow, this Motion shall be denied.

---

[1] Rule 12(d) states that, where "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). Defendant's decision to include Rules 12(d) and 56 acknowledges that this Court must consider, even if tangentially, a pending case filed by Plaintiff's insured against both Plaintiff and Defendant in the Court of Common Pleas of Perry County, Pennsylvania. (Doc. 6, Exs. B, C). This Court, however, may consider the state court case, despite being "outside the pleadings," without triggering the requirement of Rule 12(d). As a public record, whose

1

## I. PROCEDURAL HISTORY

Plaintiff initiated this action with a Complaint filed on October 27, 2015. (Doc. 1). Plaintiff alleges negligence and strict liability against Defendant and seeks to assert subrogation rights for money paid to its insured. On November 30, 2015, Defendant filed a Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rules of Civil Procedure 12(b)(6) and/or 12(d) or 56. (Doc. 6). Defendant filed its supporting brief on December 2, 2015. (Doc. 7). Plaintiff filed its brief in opposition on December 11, 2015, and Defendant filed a reply brief on December 23, 2015. (Docs. 9, 11).

Having been fully briefed, this Motion is now ripe for our review.

## II. FACTUAL BACKGROUND

We derive the facts of this case from Plaintiff's Complaint and view them in the light most favorable to the Plaintiff.

On or about January 2, 2015, Appalachian Insulation Supply, Inc., sold Michael Barrick, d/b/a MJ Barrick HVAC, and his family (hereafter, Barrick or the Barricks) a two-component foam insulation kit manufactured by Defendant. (Doc. 1 ¶ 8). On or about March 22, 2015, Barrick used the insulation kit to insulate the

---

authenticity is not in dispute, we may take judicial notice of the state court complaint. *See, e.g., O'Boyle v. Braverman*, 337 F. App'x. 162, 164-65 (3d Cir. 2009); *Oran v. Stafford*, 226 F.3d 275, 289 (3d Cir. 2000). Accordingly, we hereby take judicial notice of the state court complaint for the limited purpose of determining whether the state case bars Plaintiff from pursuing the instant case. Additionally, neither party briefed the matter with an eye toward summary judgment. We therefore will review the matter only in the context of whether Plaintiff stated a claim for which relief can be granted.

attic of the family's home. (*Id.* ¶ 10). While applying the insulation, Barrick noticed that the foam insulation was smoking, glowing, and burning, resulting in a fire that consumed and destroyed the home. (*Id.* ¶ 11). As a result of the damage to the home, the Barricks made a claim to Plaintiff under their home insurance policy. (*Id.* ¶ 13). As of the date of filing the Complaint, Plaintiff had paid the Barricks $443,651.13 to repair and replace the damage caused by the fire. (*Id.* ¶ 14). Plaintiff alleges that it is legally, equitably, and contractually subrogated to the rights of the Barricks to the extent of payments made and payments that may be made in the future. (*Id.* ¶ 15).

### III. STANDARD OF REVIEW

In considering a motion to dismiss pursuant to Rule 12(b)(6), courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). In resolving a motion to dismiss pursuant to Rule 12(b)(6), a court generally should consider only the allegations in the complaint, as well as "documents that are attached to or submitted with the complaint,...and any matters incorporated by reference or integral to the claim, items subject to judicial

notice, matters of public record, orders, [and] items appearing in the record of the case." *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

A Rule 12(b)(6) motion tests the sufficiency of the complaint against the pleading requirement of Rule 8(a). Rule 8(a)(2) requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief, "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint attacked by Rule 12(b)(6) motion to dismiss need not contain detailed factual allegations, it must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, a civil plaintiff must allege facts that "raise a right to relief above the speculative level...." *Victaulic Co. v. Tieman*, 499 F.3d 227, 235 (3d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). Accordingly, to satisfy the plausibility standard, the complaint must indicate that defendant's liability is more than "a sheer possibility." *Iqbal*, 556 U.S. at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Under the two-pronged approach articulated in *Twombly* and later formalized in *Iqbal*, a district court must first identify all factual allegations that constitute nothing more than "legal conclusions" or "naked assertions." *Twombly*, 550 U.S. at 555, 557. Such allegations are "not entitled to the assumption of truth" and must be disregarded for purposes of resolving a 12(b)(6) motion to dismiss. *Iqbal*, 556 U.S. at 679. Next, the district court must identify "the 'nub' of the ... complaint – the well-pleaded, nonconclusory factual allegation[s]." *Id.* Taking these allegations as true, the district judge must then determine whether the complaint states a plausible claim for relief. *See id.*

However, "a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *Phillips*, 515 F.3d at 231 (citing *Twombly*, 550 U.S. at 556-57). Rule 8 "does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Id.* at 234.

## IV.  DISCUSSION

In its Motion to Dismiss, Defendant raises several arguments as to why the Court should dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). First, Defendant contends that the Complaint improperly splits the Barricks' cause of action. Second, Defendant argues that the "first-filed" rule

warrants dismissal of the Complaint. Finally, Defendant asserts that Pennsylvania's "made whole" doctrine bars Plaintiff's claim.

### A.   Improper Splitting of Cause of Action

We begin with Defendant's argument that Plaintiff's Complaint constitutes an improper splitting of the Barricks' cause of action under Pennsylvania Rule of Civil Procedure 1020(d). Rule 1020(d) reads:

> If a transaction or occurrence gives rise to more than one cause of action heretofore asserted in assumpsit and trespass, against the same person, including causes of action in the alternative, they shall be joined in separate counts in the action against any such person. Failure to join a cause of action as required by this subdivision shall be deemed a waiver of that cause of action as against all parties to the action.

In *State Farm Mutual Automobile Insurance Company v. Ware's Van Storage*, 953 A.2d 568 (Pa. Super. Ct. 2008), the Pennsylvania Superior Court addressed a factual scenario similar to the instant case in which an insurer and its insured, in two separate actions, sought recovery from a tortfeasor for the same underlying accident. In *State Farm*, the insured had filed a complaint against the tortfeasor to recover personal injury damages related to a car accident. *Id.* at 570. Subsequently, State Farm filed a subrogation complaint against the tortfeasor to recover payments it made to the insured for damages to their car. *Id.* The trial court had dismissed State Farm's complaint based on the court's interpretation of Rule 1020(d), which generally prohibits splitting causes of action. *Id.* at 571. The

6

Superior Court reversed the trial court, reasoning that Rule 1020(d) only pertains to a single plaintiff. *Id.* at 572. The Superior Court reasoned that Rule 1020(d) could be used to compel multiple plaintiffs into a single action only where the multiple plaintiffs could be compelled to join under Pennsylvania Rule of Civil Procedure 2227, which states that compulsory joinder applies only to parties with a "joint interest in the subject matter of an action." *Id.* at 573. The court further noted that joint interest "has limited application to subrogated insurance claims." *Id.* In a subrogation claim, parties may only be joined if their "unity and identity of interests" are sufficient. *Id.* "If the 'unity and identity' of interests between an insurer and its insured is not sufficient to compel their joinder as plaintiffs if they were any other two parties, they may not be compelled to assert their related claims in a single action under Rule 1020(d)." *Id.* Subrogation may "establish the unity and identity of the insurer's interest with that of its insured, but only until the insurer pays the insured's claim. Once payment is made, the unity of the insurer's interest with that of its insured is eliminated, rendering the parties' interest in litigation qualitatively dissimilar." *Id.* The Superior Court further stated:

> In this case, the "unity and identity of the interests" of State Farm and its insured ceased to exist after State Farm paid its insured's claim for property damage. State Farm has no interest in its insured's personal injury action and, thus, no particular motivation to pursue recovery on such a claim. Similarly, State Farm's insured, once reimbursed for its property damage under the terms of the insurance policy, has no further interest in pursuing that claim. Of course, State Farm's right to recovery is limited to the right its insured might have asserted had it

7

not been compensated under the insurance policy; that premise is the defining tenet of subrogation.

*Id.*

Additionally, once the "unity and identity" has been severed, the insurer assumes the insured's right to pursue a cause of action against the third-party tortfeasor, and the insured "is no longer entitled to recover the entire loss it has suffered, when part of the loss has been compensated by the insurer." 16 Couch on Ins. 3d § 222-14.

In the instant case, Plaintiff paid on a claim filed by the Barricks. Once the Plaintiff paid on the claim, the "unity and identity of the interests" was severed between Plaintiff and the Barricks with regard to the amount paid, and they cannot be compelled to join in a single action under Rule 2227. Consequently, assuming Plaintiff's allegations to be true, as we must at this stage, Plaintiff and the Barricks have separate interests with respect to the money Plaintiff paid to the Barricks. We acknowledge that the Barricks have filed a complaint in the Court of Common Pleas of Perry County against Defendant and note that the Barricks seek punitive damages from Defendant. In the absence of clear binding precedent and out of an abundance of caution, we find the Superior Court's reasoning in *State Farm* persuasive and find that Plaintiff's Complaint does not split the Barricks' cause of action, and Rule 1020(d) does not apply. Plaintiff has a right to pursue the Barricks' subrogated claim for the amount paid to them. Plaintiff seeks to recover

only what it has paid to the Barricks, while the Barricks seek punitive damages. Analogous to the *State Farm* case, Plaintiff has no reason or right to seek punitive damages from Defendant, and the Barricks have no reason or right to seek from Defendant the amount of money already paid to them by Plaintiff. We therefore find that Plaintiff's Complaint does not split the cause of action, as both Plaintiff and the Barricks have independent claims against Defendant.

### B.    "First-filed" Rule

We next turn to Defendant's argument that Plaintiff's Complaint should be dismissed pursuant to the "first-filed" rule. The Third Circuit has long held that "'in all cases of federal concurrent jurisdiction, the court which first has possession of the subject must decide it.'" *E.E.O.C. v. U. of Pa.*, 850 F.2d 969, 971 (3d Cir. 1988) (quoting *Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925, 929 (3d Cir. 1941)). "The first-filed rule encourages sound judicial administration and promotes comity among federal courts of equal rank." *Id.* The Third Circuit is "guided…by the Supreme Court's recognition that 'as between federal district courts…the general principle is to avoid duplicative litigation.'" *Complaint of Bankers Trust Co. v. Chatterjee*, 636 F.2d 37, 40 (3d Cir. 1980) (quoting *Colo. River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 817 (1976)).

The plain language of the rule contemplates cases pending before different, yet equal, *federal* courts. The Third Circuit, moreover, has not yet made clear

whether the "first-filed" rule also should apply to co-pending state and federal cases.[2] The issue before this Court involves co-pending state and federal cases. Until the Third Circuit clarifies that the "first-filed" rule applies to these circumstances, we will follow the plain language of the rule. Therefore, we are not inclined to dismiss on these grounds.

### C. Pennsylvania's "Made Whole" Doctrine

Finally, we turn to Defendant's argument that Pennsylvania's "made whole" doctrine bars Plaintiff from filing suit at this juncture. The "made whole" doctrine is an equitable principle that "ensures that the insured is fully compensated for his or her injury before the insurer recovers, in cases where there are insufficient funds to satisfy both the insured and the insurer…" *Jones v. Nationwide Prop. and Cas. Ins. Co.*, 32 A.3d 1261, 1271 (Pa. 2011). The doctrine commonly arises in cases of uninsured/underinsured motorist coverage, where the injury and losses suffered by the insured may far exceed the compensation available through lower policy limits. *See, e.g., Nationwide Mut. Ins. Co. v. DiTomo*, 478 A.2d 1381 (Pa. Super. Ct. 1984); *Gallop v. Rose*, 616 A.2d 1027 (Pa. Super. Ct. 1992). "'The equitable principle underlying the made whole rule is that the burden of loss should rest on

---

[2] The District of New Jersey has extended the doctrine to concurrent state and federal cases, but the Third Circuit has not indicated its approval of such a measure. *See Catlin Specialty Ins. Co. v. Plato Const. Corp.*, Civil No. 10-5722, 2012 WL 924850 (D.N.J. 2012). Similarly, the Eleventh Circuit has permitted this application of the rule, but the circuit courts do not appear to be clearly trending in this direction. *See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu*, 675 F.2d 1169 (11th Cir. 1982).

10

the party paid to assume the risk, and not on an *inadequately compensated* insured, who is least able to shoulder the loss.'" *Jones*, 32 A.3d at 1271 (quoting 16 Couch on Ins. § 223:136) (emphasis added).

Here, Plaintiff paid the Barricks under their policy according to Plaintiff's calculations. Although the Barricks have stated claims against Plaintiff in the co-pending state case seeking additional payments on the policy, there is no indication that the policy limits are inadequate to fully compensate the Barricks for their loss. Plaintiff's assertion that it may make additional payments to the Barricks in the future, (Doc. 1 ¶ 15), indicates that the funds available to the Barricks under their policy are not, as of yet, insufficient to make them whole. As an equitable principle, the "made whole" doctrine does not apply as a bar to subrogation where funds are sufficient to make both the insured and the insurer whole. *See Jones*, 32 A.3d at 1272. Defendant has not shown that Plaintiff's subrogation claim for amounts paid is likely to deprive the Barricks of full recovery on their loss. Therefore, we find that the "made whole" doctrine does not bar Plaintiff's Complaint.

## V.   CONCLUSION

For the reasons stated above, we shall deny Defendant's Motion to Dismiss. We also note that, although the law compels this result, as a practical matter, this result is absurd. The state case and the instant case both hinge on the same set of

facts, and litigating both cases likely will result in a duplication of expenses, including costs of discovery and expert witnesses. In the interest of efficient judicial administration, we strongly encourage Plaintiff to consider staying one of these actions or coordinating with its insured to assert its rights to subrogation in the state case.

The Court is also in receipt of a letter from defense counsel requesting that the deadline for filing amended pleadings be extended to ten (10) days after the Court renders its decision on the instant Motion. (Doc. 15). Plaintiff has not filed a letter opposing this request. Thus, we shall grant Defendant's request and extend the deadline.

## NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. Defendant's Motion to Dismiss Plaintiff's Complaint, (Doc. 6), is **DENIED**.
2. Parties may file amended pleadings within ten (10) days of the filing of this Order.

                                s/ John E. Jones III
                                John E. Jones III
                                United States District Judge