THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RANDY GILLIS and WENDY GILLIS, individuals,<br><br>Plaintiffs,<br><br>v.<br><br>STATE AUTOMOBILE MUTUAL INSURANCE COMPANY, an Ohio Corporation,<br><br>Defendant. | CIVIL ACTION<br><br>Case No.: 2:16-cv-01285-MRH<br><br>*Electronically Filed and Served* |

### PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Plaintiffs, Randy Gillis and Wendy Gillis (the "**Plaintiffs**"), file the following Response in Opposition to Defendant's Motion to Dismiss, and aver as follows:

1. This action stems from Plaintiffs' catastrophic loss as a result of a gas explosion from a pipeline located on their farm property. Doc. No. 1, ¶1.

2. Plaintiffs submitted a claim under their policy to Defendant after the explosion. Doc. No. 1, ¶7.

3. Before and after payment, Defendant informed Plaintiffs that it intended to enforce subrogation rights against the tortfeasor(s) immediately following payment. Doc. No. 1, ¶9.

4. Plaintiffs informed Defendant that its policy of insurance was insufficient to make them whole,[1] and until they were made whole by the tortfeasor(s), Defendant had no subrogation right or interest to pursue. Doc. No. 1, ¶10.

---

[1] As of the date of the Complaint, Defendant had paid Plaintiffs $185,700.76, which is less than the policy limits and less than the amount of the claim, without any resolution of the claim. Doc. No. 1, ¶8.

1

5. Through correspondence between Plaintiffs' counsel and counsel for Defendant, Defendant indicated, unequivocally and in flagrant violation of Pennsylvania law, that it intends to pursue subrogation against the tortfeasor(s) before the tortfeasor(s) have made Plaintiffs whole. Doc. No. 1, ¶¶11-14; Doc. No. 1, Exs. 1-4.

6. As a result of Defendant's communications, on August 22, 2016, Plaintiffs initiated a declaratory judgment and bad faith action. *See* Doc. No. 1.

7. On November 7, 2016, Defendant filed a Motion to Dismiss with corresponding brief, alleging (i) Defendant may seek subrogation against the tortfeasor(s) before Plaintiffs are fully compensated for their loses (i.e., made whole); and (ii) because Defendant had a "reasonable basis" to initiate its subrogation right, Plaintiffs' bad faith allegation in the Complaint should be dismissed. *See* Doc. Nos. 7 & 8.

8. Pennsylvania law provides that the "made whole" doctrine requires an insured recover the **full amount** of his losses before an insurer may pursue recovery under its subrogation rights. *Heller v. Pa. League of Cities & Municipalities*, 32 A.3d 1213, 1219 n.12 (Pa. 2011); *Walls v. City of Pittsburgh*, 436 A.2d 698, 701 (Pa. Super. 1981) (holding that the insurer's right to subrogation arises "only upon the insurer's showing that the sum of the insured's recovery from the insurer and from persons legally responsible for the injury exceeds the insured's loss").

9. Because Plaintiffs have not been fully compensated for their loss, Defendant may **not** assert its subrogation rights under Pennsylvania law. Accordingly, Defendant's Motion to Dismiss should be denied.

10. Count Two of Plaintiffs' Complaint sets forth a cause of action of bad faith against Defendant. *See* Doc. No. 1.

11. Specifically, the Complaint alleges that (i) Defendant flouted and repudiated the rights of Plaintiffs, and prioritized its interest over Plaintiffs' interests, by expressing its intention to seek reimbursement from the tortfeasor(s) without regard to whether Plaintiffs have been made whole; and (ii) Defendant's conduct jeopardized the rights of Plaintiffs to full recovery for its losses. Doc. No. 1, ¶¶21-22.

12. These allegations, which must be accepted as true in ruling on Defendant's Motion, adequately state a claim under the Pennsylvania bad faith statute, 42 Pa.C.S. § 8371.

13. In its Motion, Defendant argues that because it had a "reasonable basis" to initiate its subrogation right, Plaintiffs' bad faith allegation in the Complaint should be dismissed. Doc. No. 7, ¶31.

14. However, Defendant's Motion does not establish that Plaintiffs' Complaint fails to state a claim. Rather, its Motion is premised upon the affirmative defense that Defendant had a "reasonable basis" for its actions.

15. As Defendant's Motion fails to allege that Plaintiffs either: (i) insufficiently pleaded the elements of a cause of action for statutory bad faith under 42 Pa.C.S. § 8371; or (ii) pleaded insufficient facts in support of those elements, Defendant's Motion is not a proper Motion to Dismiss under Rule 12(b)(6) and should be denied.

## Conclusion

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendant's Motion to Dismiss and enter the proposed Order submitted herewith.

Respectfully submitted,

STRASSBURGER MCKENNA GUTNICK
& GEFSKY

Date: 12/12/16            By:   /s/ Gretchen E. Moore
                                David A. Strassburger
                                PA. I.D. No. 76027
                                Gretchen E. Moore
                                PA I.D. No. 202103

                                *Counsel for Plaintiffs*