# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RANDY GILLIS, ET AL., | ) |
| Plaintiffs, | ) 2:16-cv-01285 |
| | ) **ELECTRONICALLY FILED** |
| v. | ) |
| STATE AUTOMOBILE MUTUAL INSURANCE COMPANY, | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

In this declaratory judgment/bad faith action, the Plaintiff insureds sue their own insurance company, claiming that the insurer has jumped the gun by concretely stating/threatening to begin the pursuit of a subrogation claim before the Plaintiffs have resolved their own coverage claims with the insurer Defendant, and certainly before the Plaintiffs have resolved their excess/uninsured claims with the underlying tortfeasor. They also pile on a "bad faith" claim, asserting that the carrier's concretely stated intention to proceed with its subrogation claim now is "bad faith" entitling them to damages. The Defendant carrier responds with a Motion to Dismiss [ECF No. 7] the whole case, relying on its reading of Pennsylvania law for the conclusion that there is no problem with it proceeding with subrogation full steam ahead right now, and because it is allowed to do that, there can be no bad faith. The Motion to Dismiss will be denied without prejudice.

We can take the key facts from the Complaint, and the other relevant documents of record. There was a massive gas pipeline explosion near the Plaintiffs' home/farm in the Greensburg area on April 29, 2016. There was a lot of property damage. Some, but not all, of that damage has been covered and paid for by the Defendant. It appears that the balance of the

damage claims remain open for at least two reasons—some of the damage is concededly not covered by the insurance policy involved here, and as to some of what is/may be covered, these parties have not yet ironed out their differences.

Nonetheless, the carrier has told the Plaintiffs that it is going to begin chasing its subrogation claim for what it has paid them right now against the pipeline outfit, Spectra. The Plaintiffs say "not so fast", and assert that Pennsylvania law says that until they are "made whole," the carrier can't do that. The carrier says that it can, contending that the "make whole" rule, whatever it may mean, is limited to those circumstances in which the underlying tortfeasor does not have enough money to pay the balance of what it owes to the insured, and also pay the insurer, citing to *Jones v. Nationwide*, 32 A.3d 1261 (Pa. 2011). Pointing to a federal Securities and Exchange Commission ("SEC") filing, the carrier says that Spectra is a big outfit, and between it and its carriers, there is plenty of money to cover all bases.

The Court has examined the cases cited by the parties, and the record here, and concludes that it would be improvident to grant the Motion to Dismiss. First, while the SEC filing is an official document, and it would certainly appear that Spectra is a large operation, that filing does not resolve whether Spectra *qua* Spectra would be on the hook here, whether one or more of its subsidiaries would be, what the nature and scope of its insurance coverage applicable here is, etc. In short it is too soon to resolve that, and the caselaw cited by the Defendant in such regards, *Oran v. Stafford*, 226 F. 3d 275 (3d Cir. 2000), which relates to consideration of an SEC filing in the context of litigation about SEC filings, really is inapt here.

Second, there is an open coverage dispute in this case as between these two parties. On this record, the Court cannot conclude, for instance, that the Plaintiffs' position in such regards is or is not well-taken or is impermissibly gumming up the works, which might equitably justify

2

proceeding with the subrogation claims, and it is unlike the situation in *Unitrin Auto and Home Ins. Co. v. Clayton Corp.*, No. 1:15-cv-2079 (M.D. Pa.), cited by Defendant in correspondence with Plaintiffs' counsel, ECF No. 1-6 at 4. There, the "make whole" issue was affected by the fact that there was no dispute that the policy limits, if paid, would cover all covered losses. Here, that remains an open issue.

Finally, the Pennsylvania appellate courts are not nearly as certain as the Defendant is as to the reach and scope of the "make whole" rule. In *Professional Flooring Co. v. Bushar Corp.*, 2016 WL 7105899, *7-9 (Pa. Super. Dec. 6, 2016), the Pennsylvania Superior Court did not limit the reach of the "make whole" rule to those circumstances in which the underlying tortfeasor had insufficient assets to cover both the subrogation claim and the claim by the tort victim for excess/uncovered losses. In reality, it stated both that the "make whole" rule was the law of the Commonwealth, and that it had no such limitation. *Id.*

In light of the above, the Court concludes that it would be improvident to dismiss the declaratory judgment claim at this point in the proceedings. Further, in light of the matters set forth above, the Court at this juncture is not in a position to conclude that as a matter of law, the "bad faith" claim is wholly lacking in merit, and the Motion to Dismiss as to that claim will likewise be denied, without prejudice.

The Defendant shall answer the Complaint on or before February 8, 2017.

                                                         /s/ Mark R. Hornak
Mark R. Hornak
United States District Judge

Dated: January 13, 2017

cc: All counsel of record

3